N-S-W CORPORATION, Relator,

v.

Honorable John SNELL, Jr., et
al., Respondents.

No. B-6967.

Supreme Court of Texas.

Dec. 14, 1977.

Cox, Pakenham & Roady, Joe G. Roady,
Houston, for relator.

J. Donald Bowen, Houston, for respondents.

POPE, Justice.

N-S-W Corporation seeks a mandamus
ordering the trial judge to set aside an
order that reinstated a cause upon the dock-

et. It insists the order is void since the
judge ordered the reinstatement more than
thirty days after the date of its dismissal
order and after the court had lost jurisdiction over its prior order. We conditionally
grant the writ of mandamus.

█ H. R. George Gwyn, III sued N-S-W Corporation for damages for breach of
a contract. On May 5, 1977, the trial court
dismissed the action for want of prosecution. On May 25, Gwyn filed his motion to
reinstate the cause. Under those facts it
was necessary for the trial court to order
the reinstatement within thirty days after
May 5, which would have been by June 4,
1977. Rule 165a, Tex.R.Civ.P. That date
was a Saturday, so the following Monday,
June 6, 1977, is our critical date. Rule 4.
The dispute before us is whether the trial
judge rendered a judgment for reinstatement on June 6, which would be the last
day within the thirty days during which the
court still retained jurisdiction. Conclusive
evidence of the date of the order is contained in the order of reinstatement:

> On this the 13th day of June, 1977,
> came on to be heard Plaintiff's Motion to
> Reinstate a Case on the Docket of the
> Court, and the Court having duly heard
> and considered same, is of the opinion
> that such motion should be and is in all
> things granted, it is, therefore
>
> ORDERED that the above entitled and
> numbered cause be reinstated on the
> docket of this Court, to have the same
> status as before the call of the dismissal
> docket.
>
> SIGNED AND ENTERED this 11th
> day of July, 1977.
>
> /s/ Peter S. Solito
> John Snell, Jr.,
> Judge Presiding

Respondent Gwyn says that the recital
that the order came on for hearing on June
13 is brought in question by this entry on
the docket sheet:

"June 6–1977 M to reinstate ~~denied~~ granted as per order"

Respondent Gwyn says that the word "denied" was stricken on June 6, at which time the judge actually granted the motion to reinstate. Relator, N–S–W Corporation on the other hand, says that the trial judge changed the order after June 6, but, in any event, the docket entry may not impeach the court's order.

A docket entry may supply facts in certain situations, *Matthews v. Looney,* 132 Tex. 313, 123 S.W.2d 871 (1939), but it cannot be used to contradict or prevail over a final judicial order. *Hamilton v. Empire Gas & Fuel Co.,* 134 Tex. 377, 110 S.W.2d 561 (1937); *Ex parte Rains,* 113 Tex. 428, 433, 257 S.W. 217, 220 (1923); *Stark v. Miller,* 63 Tex. 164 (1885).

We accordingly grant the prayer for a mandamus ordering the vacation of the July 11 order. Judge John Snell, Jr., who heard the motion, is now deceased, and this mandamus is directed to his successor in office. The writ of mandamus will issue only in the event the reinstatement order is not vacated.