The COURTLANDT CORPORATION
et al., Appellants,

v.

TRICO SERVICE CORPORATION et
al., Appellees.

No. 17624.

Court of Civil Appeals of Texas,
Houston (1st Dist.).

April 24, 1980.

Rehearing Denied May 22, 1980.

884

Patterson, Boyd, Lowery & Aderholt, Ben L. Aderholt, Daniel K. Trevino, Jr., Houston, for appellants.

Bracewell & Patterson, William K. Wilde, J. Woodfin Jones, Vinson & Elkins, Paul E. Stallings, Kenneth E. Johns, Jr., Houston, for appellees.

Before PEDEN, EVANS and WARREN, JJ.

PEDEN, Justice.

This appeal is from an order vacating the reinstatement of a cause previously dismissed for want of prosecution. The central issue is whether the trial judge rendered a reinstatement order within the applicable thirty-day period provided by Rule 165a, Texas Rules of Civil Procedure. We hold that he did not.

The significant events in this case occurred on these dates in 1979:

May 15 Dismissal order signed.

June 4 Plaintiffs (appellants) filed a verified motion to reinstate, in accordance with Rule 165a, Texas Rules of Civil Procedure. (twentieth day after dismissal order signed).

June 11 Hearing held on motion to reinstate. At its conclusion that same day, the trial judge made a docket entry reciting "Sustain P's Motion to Reinstate."

June 14 This was the crucial thirtieth day after May 15.

June 27 Trial judge signed a reinstatement order reciting that the motion was heard on June 11 and stating that the order was "Signed and *rendered*

this 27 day of June, 1979." (emphasis added)

October 22 Hearing held on appellees' motion to vacate the June 27 order of reinstatement.

November 9 Order signed vacating order of reinstatement.

There are no findings of fact or conclusions of law, and we have no statement of facts from the hearing held on June 11.

The appellants' points of error are that the trial judge erred:

1. by vacating on (November 9) the reinstatement order of June 27 because he had properly reinstated the case on the court's docket on June 11 and the signing of the reinstatement order on June 27 was only a ministerial act.

2. by treating the June 27 reinstatement order as a nullity, thus causing the order to vacate the reinstatement to be dispositive of the case.

■ The appellants filed their motion to reinstate on the twentieth day after the signing of the order of dismissal, so they were by then obviously on actual notice of the dismissal, and Rule 165a provides that in that event the last day on which the trial court could have ordered reinstatement was the thirtieth day after May 15; in our case, June 14. *N–S–W Corporation v. Snell*, 561 S.W.2d 798 (Tex.1977).

Did the trial judge render a judgment of reinstatement on June 11, at the conclusion of the hearing on the motion to reinstate? The only evidence before us is conflicting. It appears from the judge's docket entry on June 11: "Sustain P's Motion to Reinstate," that he did render judgment of reinstatement on that day, but the recital in his written judgment that it was "Signed and rendered" on June 27 is a clear declaration that he did not render his decision until June 27.

■ The appellants have unsuccessfully tried to obtain from the trial judge a *nunc pro tunc* order that would recite that he had ordered reinstatement on June 11 instead of June 27. They argue that his refusal is based upon his mistaken beliefs 1) that on June 14 he lost jurisdiction to do anything in this cause and 2) that there can be no oral rendition of a motion to reinstate. They assert that the trial judge has agreed that on June 11 he did announce his decision to reinstate. Since oral argument of this case to us (on March 18, 1980), the appellants have offered for filing a statement of facts from the hearing conducted by the trial judge on the motion for judgment *nunc pro tunc* on February 18, 1980. It tends to support the appellants' version of the facts, but we have concluded that we must sustain the appellees' opposition to permitting it to be filed. Rule 386 provides that the statement of facts must be filed within 60 days after "rendition of the final judgment or order overruling motion for new trial . . ." and even if the November 9 order was an appealable one, the last day for filing the statement of facts would have been January 8, 1980. Under Rule 21c, had a motion to extend time for filing been timely filed (by January 23) we could have granted it. However, no such motion has been filed, and we now lack jurisdiction to grant one. *Cousins v. Brown*, 539 S.W.2d 233 (Tex.Civ.App.1976, no writ). We cannot consider the contents of the proffered statement of facts.

The Hon. Thomas M. Reavley and Mr. David L. Orr wrote in a leading article entitled *Trial Court's Power to Amend Its Judgments*, 25 Baylor Law Review 191 (1973):

Everything the judge says about the case, either while on the bench or by written memorandum, should not be considered as rendition of judgment. Whether he was expressing a tentative impression or announcing judgment depends upon his intention as gathered from his acts and the record. The practice of trial judges has changed over the years and it is now the custom to render judgment by signing an instrument entitled "Final Judgment" and delivering it to the clerk for filing and entry. Pronouncements are often made from the bench at the conclusion of non-jury trials, and these may be intended as renditions.

Even then it is the intention of most trial judges to await the precise wording of the written judgment for the rendition. Judges would avoid potential confusion by saying, along with any verbal announcement or comment, that the rendition will be by written and signed judgment, and by putting at the end of the written judgment: "Rendered and signed on this [date]."

It is difficult to determine the trial judge's intent from his docket entry alone. Was it to render a final decision or to await the precise wording of the written judgment? We cannot say from the record before us that the trial judge did not understand the meaning of the word "rendered" when he used it in his order dated June 27 or that he misused it.

 We conclude that our determination of the trial judge's intention in this case is controlled by this holding of the Texas Supreme Court in *N–S–W Corporation v. Snell,* supra:

> A docket entry may supply facts in certain situations, *Matthews v. Looney,* 132 Tex. 313, 123 S.W.2d 871 (1939), but it cannot be used to contradict or prevail over a final judicial order. *Hamilton v. Empire Gas & Fuel Co.,* 134 Tex. 377, 110 S.W.2d 561 (1937); *Ex parte Rains,* 113 Tex. 428, 433, 257 S.W. 217, 220 (1923); *Stark v. Miller,* 63 Tex. 164 (1885).

To conclude from the evidence before us that a reinstatement order was rendered on June 11 would be to hold that the docket entry prevails over the final judicial order in this case. We conclude that rendition occurred on June 27 as stated in the judgment.

We also note that while our case was under submission, the Texas Supreme Court held in *Walker v. Harrison,* 597 S.W.2d 913:

> Thus, a written order signed by the trial judge was required within the 30-day time limit imposed by rule 165a; otherwise the trial court was without jurisdiction to reinstate the case. Since the written order was dated October 15, outside the 30-day limit, the attempted order of reinstatement was void.

Since the trial judge in our case did not sign a written order of reinstatement within 30 days after dismissal, he lacked jurisdiction to do so, and the attempted reinstatement was a nullity. Thus the May 15 order of dismissal was still in effect when reinstatement was vacated on November 9, so the latter order was of no effect and is void.

This attempt to appeal from a void order must be dismissed.

EVANS, Justice, concurring.

The docket entry in the case at bar does not, in my opinion, conflict with any recitation contained in the trial court's signed order reinstating the cause. The docket entry is complete and explicit in itself and shows that on June 11, 1979, the court sustained the motion to reinstate. The court's formal signed order of reinstatement recites that the motion to reinstate was heard on June 11, 1979, the same date as reflected by the docket entry, and there is, therefore, no conflict between the docket entry and the signed written order. Thus, this case is distinguishable from *N–S–W v. Snell,* 561 S.W.2d 798 (Tex.1977). In my opinion, the docket entry merely serves to explain the trial court's use of the term "signed and rendered" in its formal order, indicating by that term the date when the court signed the order for purposes of appeal.

The record shows, however, that the trial court did not sign the formal written order within the 30 day time limit imposed by Rule 165a Tex.Rev.Civ.Stat.Ann. In view of the recent decision of the Texas Supreme Court in *Walker v. Harrison,* referred to in the majority opinion, I concur in the holding of the majority that the trial court lost jurisdiction over the case by failing to sign its written order of reinstatement within the requisite time period.