# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-05-00835-CV

Dessie Maria Andrews and William T. Veith, Appellants

v.

Timothy C. Smith, Independent Executor of the Estate of William Baska, Deceased,
Appellee

FROM THE DISTRICT COURT OF BURNET COUNTY, 33RD JUDICIAL DISTRICT
NO. 20808, HONORABLE GUILFORD L. JONES, III, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Dessie Maria Andrews and William T. Veith appeal a postjudgment turnover order entered by the district court requiring that $25,000 posted as a bond on behalf of Andrews be delivered to Timothy C. Smith, Independent Executor of the Estate of William Baska, Deceased, in partial satisfaction of a prior, uncollected civil judgment. We affirm the order.

This appeal has its roots in a long-running dispute between Smith and Andrews.[1] Smith is the executor of Baska's estate and sole heir. *See Andrews v. Smith*, No. 03-01-00402-CV, 2002 Tex. App. LEXIS 3642, at *2 (Tex. App.—Austin May 23, 2001, pet. dism'd w.o.j.) (op. on reh'g) (*Andrews*). According to the trial court, Andrews was in a fiduciary relationship with Baska

---

[1] The background information in this paragraph comes from the trial court judgment dated September 28, 2001, attached to the motion for enforcement in the clerk's record. *See Smith v. Andrews*, No. 20808 (33rd Dist. Ct., Burnet County, Tex. Sept. 28, 2001) (*Smith*). For convenience, we may also refer to this court's opinion on the appeal from judgment on the merits in the underlying dispute. *See Andrews v. Smith*, No. 03-01-00402-CV, 2002 Tex. App. LEXIS 3642 (Tex. App.—Austin May 23, 2001, pet. dism'd w.o.j.) (op. on reh'g) (*Andrews*).

and was a "Purported Trustee of an Alleged LCS Trust." *See Smith v. Andrews*, No. 20808, at 1-2 (33rd Dist. Ct., Burnet County, Tex. Sept. 28, 2001) (*Smith*). Trial was held on August 6, 2001. A final judgment on the merits was signed on September 28, 2001. The judgment provided, among other things, that the LCS Trust "is null and void and does not exist by law," and that any property held in the name of the trust that originally belonged to Baska was subject to the legal control of Smith as executor of Baska's estate. *See Andrews*, 2002 Tex. App. LEXIS 3642, at *4-*5; *Smith*, at 2. The judgment also awarded personal property to Smith, as executor, and actual damages of $47,332.44 and exemplary damages of $200,000, as well as attorney's fees and interest in favor of Smith. *Smith*, at 4-10.

On July 30, 2002, Smith filed a motion for enforcement of the judgment. According to the district court's docket sheet,[2] a hearing was set on the motion for enforcement. According to the court's docket sheet and discussions during the hearing, Andrews was in the courthouse but opted not to appear at the hearing. The docket sheet reflects that a show cause order issued regarding Andrews on August 1, 2002, and that the district court held a hearing on a motion for contempt. At the hearing on the motion for contempt, the court ordered attachment "per Rule 692." Later, state court activity ceased when the action was removed to federal court.[3]

---

[2] "Although docket entries are not generally considered to be binding orders of the court, they are effective in certain circumstances and can be used to show the appellate court what occurred in the lower court." *American Indus. Life Ins. Co. v. Ruvalcaba*, 64 S.W.3d 126, 132 (Tex. App.—Houston [14th Dist.] 2001, pet. denied) (citing *Quaestor Investments, Inc. v. State of Chiapas*, 997 S.W.2d 226, 229 (Tex. 1999); *N-S-W Corp. v. Snell*, 561 S.W.2d 798, 799 (Tex. 1977) (orig. proceeding)).

[3] The state court action resumed when the federal court action was dismissed.

A bond dated June 4, 2004, states that $25,000 in cash was deposited to ensure that Andrews would appear in court in Burnet County to answer to a felony charge of failure to appear.[4] On February 14, 2005, Andrews filed a demand for return of the bond. On August 11, 2005, Veith filed a demand for return of the bond, asserting that he and others deposited the funds as sureties for Andrews. He complained that the bond was unnecessary because Andrews had never been summoned and had not failed to appear for a hearing. On August 22, 2005, Smith filed a motion to apply cash bond toward judgment. By that motion, he sought to apply the $25,000 cash bond deposited on Andrews's behalf on the charge of failure to appear toward the damages due under "the Judgment of August 6, 2001."

The court held a hearing on the motions to enforce and to apply the bond on September 9, 2005. In its docket entry concerning the hearing, the district court noted that Andrews did not appear at the hearing despite having notice.[5] Veith, describing himself as a surety on the cash bond, objected to the motion contending that he and other sureties—not Andrews—were the owners of the funds deposited with the clerk's office to back the appearance bond, and they did not consent to use of the funds to satisfy Andrews's judgment debt. The court noted at the hearing that the cash bond was not a surety bond, that it was posted by Andrews, and that it called for the return of the deposited funds to Andrews, not Veith. The court accordingly concluded that, with respect to

---

[4] Smith's attorney stated at the September 9, 2005 hearing that a writ of attachment was issued for Andrews in 2002 after she failed to appear at a show cause hearing related to the motion for enforcement of the underlying judgment in this cause. Andrews denies being charged with a felony.

[5] Smith's attorney referred to Texas Code of Criminal Procedure article 17.02 (West 2005), which provides, "Any cash funds deposited under this Article shall be receipted for by the officer receiving the same and shall be refunded to the defendant if and when the defendant complies with the conditions of his bond, and upon order of the court."

3

Andrews, Veith was a lender, not a surety. The docket entry relating to the hearing reflects that the court found that the bond was forfeited and ordered the funds turned over to Smith. By order signed September 9, 2005, the district court granted the motion and issued an "Order Turning Over Cash Bond to Judgment Creditor." The court ordered the District Clerk of Burnet County to release the $25,000 cash bond by executing a check payable to Smith and his attorney.

We review the district court's turnover order under an abuse of discretion standard. *Beaumont Bank, N.A. v. Buller*, 806 S.W.2d 223, 226 (Tex. 1991). We may reverse for an abuse of discretion only if the district court acted in an unreasonable or arbitrary manner—i.e., if the district court acted without reference to any guiding rules and principles. *See Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241-42 (Tex. 1985). We may not find an abuse of discretion and reverse an order merely because we disagree with a decision by the trial court, if that decision was within the trial court's discretionary authority. *See id*. at 242.

Most of appellants' complaints are based on the premise that Smith, his attorney, and the court acted with disregard for trust property. They complain that the LCS Trust was never sued, that the district court raided the trust, and that the district court lacked jurisdiction over the trust. These complaints are addressed and answered by the judgment on the merits in which the trial court held that the LCS Trust was null and void. *Smith*, at 2. That judgment was affirmed. *Andrews*, 2002 Tex. App. LEXIS 3642, at *4. The petition for review was dismissed for want of jurisdiction by the Texas Supreme Court on August 29, 2002, and this Court issued its mandate on October 21, 2002. Thus, the judgment is final. Because the LCS Trust had been adjudged null, void, and nonexistent at the time of the turnover proceeding, its absence from the motions and turnover proceeding is not error.

4

Appellants complain that no motion to enforce was filed or served and that none is on record. However, the clerk's record in this appeal contains a motion for enforcement filed with the district court on July 30, 2002. The hearing reviewed in this appeal also was based on the motion to apply the cash bond toward judgment, filed on August 22, 2005, and contained in the clerk's record in this appeal. In the motion to apply cash bond, Smith's attorney, Richard Mock, certified that he served copies of that motion on Andrews and Veith by certified mail. At the hearing, the following exchange occurred after Mock explained that the hearing concerned both the motion to enforce and the motion to apply the cash bond to the judgment:

> MR. VEITH: Here's how I knew I was supposed to be here today: I have this copy. Is that what you have?
>
> MR. MOCK: That's what I mailed you—
>
> MR. VEITH: Okay. Okay. I got this from Dessie. Her son gave it to me. I didn't get it certified mail, but I got her copy.
>
> MR. MOCK: I sent it to both of you.
>
> MR. VEITH: I didn't get it, but I got her copy.
>
> MR. MOCK: So you got the motion also?
>
> MR. VEITH: Right. So I got her copy. But I haven't picked up the mail.
>
> MR. MOCK: Okay. So she did acknowledge—
>
> MR. VEITH: She got it, yes.
>
> MR. MOCK: —getting notice of this setting—
>
> MR. VEITH: Yes.
>
> MR. MOCK: —today? Okay.

Nothing in the record controverts these indicia of filing, service, and receipt of the motions.

Appellants also complain about the bond—whether it was proper and whether the funds could be released to someone other than Andrews. The scope of our review in this appeal from the turnover order is limited to the turnover proceeding. The challenged bond issued on June 4, 2004, so any appellate deadlines concerning related orders ran before appellants filed the notice of this appeal on December 21, 2005. *See* Tex. R. App. P. 26.1. Thus, in this appeal, we cannot consider whether the bond was appropriate. As appellants assert, the cash bond states that Andrews is the person entitled to receive the cash if and when the bond is ever released. That excludes Veith and supports Andrews's ownership right. However, the turnover statute empowers courts to help a judgment creditor "reach property to obtain satisfaction on the judgment if the judgment debtor owns property, including present or future rights to property . . . ." *See* Tex. Civ. Prac. & Rem. Code Ann. § 31.002(a) (West Supp. 2006). Like her right to other property, Andrews's right to receive the cash deposited with the clerk as the bond—a nonexempt asset—is subject to Smith's rights as her judgment creditor. *See id*. The district court ordered the bond released and the funds held by the clerk's office applied to the partial satisfaction of the amounts due under the outstanding judgment. The court is expressly empowered to do this pursuant to section 31.002(b)(2). *Id*. We conclude that the district court acted within its discretion by ordering the funds turned over to satisfy the judgment in favor of Smith rather than returned to Andrews.

Appellants complain that Smith has not sought a writ of possession or contacted the Department of Motor Vehicles. This is apparently a reference to the transfer of title of motor vehicles required by the judgment. That transfer is only part of the judgment on the merits of this suit and is not a precondition to payment of the monetary damage awards. The district court's

judgment included an award in favor of Smith of actual damages of $47,332.44 and exemplary damages of $200,000, as well as attorney's fees and interest. The judgment requires payment of these amounts irrespective of enforcement efforts relating to the nonmonetary relief in the judgment.

Finally, Andrews asserts that she is not a United States citizen and that this Court and the district court have jurisdiction only over citizens. To the contrary, Texas courts can exercise jurisdiction over defendants without reference to whether they are citizens even if the defendant is not a Texas resident. *See* Tex. Civ. Prac. & Rem. Code Ann. § 17.042 (West 1997); *Michiana Easy Livin' Country, Inc. v. Holten*, 168 S.W.3d 777, 784-85 (Tex. 2005); *Schlobohm v. Schapiro*, 784 S.W.2d 355, 356 (Tex. 1990). Andrews's Austin, Texas address—used in the cash bond, the certificate of service in Smith's motion to apply the cash bond, and appellants' brief—indicates that she is a Texas resident. Regardless, Andrews's assertion of noncitizenship is not dispositive of and is irrelevant to whether Texas courts may exercise jurisdiction over her.

Concluding that appellants have raised no reversible error, we affirm the order.

_____

G. Alan Waldrop, Justice

Before Justices Puryear, Pemberton and Waldrop

Affirmed

Filed: September 29, 2006

7