

**NUMBER 13-14-00514-CV**

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

| | |
|---|---|
| **BELINDA LOPEZ,** | **APPELLANT,** |

**v.**

| | |
|---|---|
| **ERASMO LOPEZ AND**<br>**SANTOS MALDONADO JR.,** | **APPELLEES.** |

**On appeal from the 275th District Court**
**of Hidalgo County, Texas.**

# ORDER OF ABATEMENT

**Before Justices Rodriguez, Benavides, and Perkes**
**Order Per Curiam**

Appellant, Belinda Lopez, attempts to appeal from a "Final Decree of Divorce." Appellant has filed a motion for extension of time to file the notice of appeal. Appellee, Erasmo Lopez, has filed an opposition to the motion for extension contending that appellant has failed to "state adequate justification for failure to act, but rather has shown

a pattern and history of the lack of due diligence in seeking relief." Appellee, Santos Maldonado Jr., has also filed an opposition in response to the motion for extension of time and has further requested that we dismiss the appeal on grounds that the divorce decree is interlocutory. We first address the timeliness of the notice of appeal.

Texas Rule of Appellate Procedure 26.1 provides that an appeal is perfected when the notice of appeal is filed within thirty days after the judgment is signed, unless a motion for new trial or other specified post-judgment motion is timely filed. TEX. R. APP. P. 26.1(a)(1). If a motion for new trial or other specified post-judgment motion is timely filed, the notice of appeal is due within ninety days after the judgment is signed. *See id.* R. 26.1(a)(1)–(4). A motion for extension of time is necessarily implied when an appellant, acting in good faith, files a notice of appeal beyond the time allowed by rule 26.1, but within the fifteen-day grace period provided by Rule 26.3 for filing a motion for extension of time. *See Verburgt v. Dorner*, 959 S.W.2d 615, 617–18, 619 (1997) (construing the predecessor to Rule 26). However, the appellant must provide a reasonable explanation for the late filing. *Id.*; *Woodard v. Higgins*, 140 S.W.3d 462, 462 (Tex. App.—Amarillo 2004, no pet.); *In re B.G.*, 104 S.W.3d 565, 567 (Tex. App.—Waco 2002, no pet.). Absent a timely filed notice of appeal from a final judgment or recognized interlocutory order, we do not have jurisdiction over the appeal. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001); *see* TEX. R. APP. P. 2, 25.1(b), 26.3; *Verburgt*, 959 S.W.2d at 617. If the notice is untimely, then we can take no action other than to dismiss the appeal. *See* TEX. R. APP. P. 2; *Charette v. Fitzgerald*, 213 S.W.3d 505, 509 (Tex. App.—Houston [14th Dist.] 2006, no pet.).

In this case, the judgment of divorce was rendered on June 5, 2014, and appellant filed a motion for new trial on July 3, 2014, thus the notice of appeal was due on September 3, 2014. TEX. R. APP. P. 26.1(a)(1). The notice of appeal was not filed until September 11, 2014, but appellant timely filed a motion or extension of time on September 12, 2014. *See id.* R. 26.3.

Appellee Maldonado contends that appellant failed to offer a reasonable explanation for failing to timely file the notice of appeal because she consciously waited to file the notice of appeal while she determined whether to appeal. In her motion for extension of time, appellant stated that she sought additional time to file the notice of appeal because she "wanted to research and confer with other attorneys before filing a notice of appeal," because she "has had numerous prior obligations to attend to in other cases," the office for lead counsel "was closed for the Labor Day holiday," and the "[f]ailure to file before the deadline was not deliberate or intentional."

As previously stated, we may extend the time to file a notice of appeal if the appellant's motion is timely and reasonably explains the need for an extension of time to file the notice of appeal. TEX. R. APP. P. 10.5(b)(1)(C); *id.* R. 26.3. "[A] reasonable explanation is 'any plausible statement of circumstances indicating that failure to file within the [specified] period was not deliberate or intentional, but was the result of inadvertence, mistake or mischance." *Hone v. Hanafin*, 104 S.W.3d 884, 886 (Tex. 2003) (quoting *Meshwert v. Meshwert*, 549 S.W.2d 383, 384 (Tex. 1977)); *see Garcia v. Kastner Farms, Inc.*, 114 S.W.2d 668, 669 (Tex. 1989). Because of the liberal standard of review in these cases, "[a]ny conduct short of deliberate or intentional noncompliance

3

qualifies as inadvertence, mistake or mischance." *Id.* at 887. An explanation that shows a conscious or strategic decision to wait to file the notice of appeal is not reasonable. *See, e.g., Hykonnen v. Baker Hughes Bus. Support Servs.*, 93 S.W .3d 562, 563–64 (Tex. App.—Houston [14th Dist.] 2002, no pet.) (waiting until representation secured); *Weik v. Second Baptist Church of Houston*, 988 S.W.2d 437, 439 (Tex. App.—Houston [1st Dist.] 1999, pet. denied) (waiting until trial court's plenary power expired in event trial court reinstated case); *see also Allen v. Hinze*, No. 02-13-00466-CV, 2014 WL 787867, at *2 (Tex. App.—Fort Worth Feb. 27, 2014, no pet.) (mem. op.) (waiting to file the notice of appeal because waiting to hold a hearing and rule on motion for new trial was not inadvertent, mistake, or mischance); *Morris v. Frost Nat'l Bank*, No. 02–11–00058–CV, 2011 WL 1532391, at *1 (Tex. App.—Fort Worth Apr.21, 2011, no pet.) (mem. op.); *Zee TV USA, Inc. v. Regency Ctrs., L.P.*, No. 05–10–01297–CV, 2011 WL 47185, at *1 (Tex. App.—Dallas Jan.7, 2011, no pet.) (mem. op.); *Stephens v. Stephens*, No. 2-10-197-CV, 2010 WL 3433108, at *2 (Tex. App.—Fort Worth Aug. 31, 2010, no pet.) (mem .op.); *Crossland v. Crossland*, No. 05–06–00228–CV, 2006 WL 925032, at *2 (Tex. App.—Dallas Apr.11, 2006, no pet.) (mem .op.).

Applying a liberal standard of review, we conclude that counsel's explanation does not show deliberate or intentional noncompliance with the relevant deadline to file the notice of appeal. *See Hone*, 104 S.W.3d at 886. Thus, appellant timely filed a motion for extension of time to file the notice of appeal which provides a reasonable explanation for the delay. Accordingly, we GRANT appellant's motion for extension of time to file the notice of appeal.

4

Whether or not the appeal is timely, however, we must still ascertain whether or not we otherwise possess appellate jurisdiction over this appeal. Accordingly, we next address appellee Maldonado's contention that we lack jurisdiction over this appeal on grounds that the judgment subject to appeal is interlocutory. Specifically, Maldonado contends that his claims against appellant, brought by intervention into the divorce proceeding, and appellant's counterclaims against him are currently being litigated in the same trial court cause number in which the "final" judgment of divorce was rendered. Our review of the docket sheet provided by Maldonado clearly shows that the underlying trial proceedings are still active. *See N-S-W Corp. v. Snell*, 561 S.W.2d 798, 799 (Tex. 1977) (orig. proceeding) (holding that "a docket entry may be considered to supply facts in certain situations).

To be final and appealable, a judgment must dispose of all issues and parties in the case. *Lehmann*, 39 S.W.3d at 195. The record before the Court fails to illustrate that all claims asserted by or against all parties have been disposed. Under these circumstances, we may "abate the appeal to permit clarification by the trial court." *Id.* at 206; *see* TEX. R. APP. P. 27.2, 44.3, 44.4. Accordingly, we ABATE the appeal and REMAND the cause to the trial court for clarification. Upon remand, the trial court shall address whether it intended the judgment to completely dispose of all claims and all parties. The trial court shall cause its finding and recommendations, together with any orders it may enter regarding the aforementioned issues, to be included in a supplemental clerk's record. Furthermore, the trial court shall cause a supplemental reporter's record of any proceedings to be prepared. The supplemental clerk's record and supplemental

5

reporter's record, if any, shall be filed with the Clerk of this Court on or before the expiration of thirty days from the date of this order. This appeal will be reinstated upon receipt of the foregoing materials and upon further order of this Court. In the interim, appellee Maldonado's motion to dismiss will be CARRIED WITH THE CASE.

It is so ORDERED.

PER CURIAM

Delivered and filed the
17th day of October, 2014.

6