**Affirmed and Memorandum Opinion filed February 25, 2020.**



**In the**

# Fourteenth Court of Appeals

## NO. 14-18-00120-CR

**TREMAINE DESHAUN RACHAL, Appellant**

**v.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 178th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1410271**

## MEMORANDUM OPINION

Appellant Tremaine Deshaun Rachal was charged by indictment with the first degree felony of intentionally or knowingly causing serious bodily injury to a child (his 11-month-old son) by striking the child: (1) with a deadly weapon, appellant's hand; (2) with a deadly weapon, an unknown object; and (3) against an unknown object on November 28, 2013. *See* Tex. Penal Code Ann. § 22.04(a)(1), (c)(1). The jury found appellant guilty as charged in the indictment and assessed punishment at imprisonment for a term of 23 years, without a fine. *See id.*

§§ 12.32, 22.04(e). In five issues, appellant argues that he was denied assistance of counsel during the 30-day period for filing a motion for new trial, the trial court erred by failing to give jury instructions concerning the voluntariness of appellant's third statement to the police, his trial counsel was ineffective because he failed to request jury instructions concerning the voluntariness of appellant's statement, and the trial court erred in making a finding of use of a deadly weapon in its judgment. We affirm.

## I. BACKGROUND

On November 28, 2013, police and paramedics were dispatched to appellant's residence, where they found appellant's 11-month-old son, K.P.,[1] lying on the floor. The child did not have a pulse and was not breathing, and attempts to resuscitate him were unsuccessful. K.P. was taken to the hospital and pronounced dead. The autopsy showed a fatal skull fracture among approximately 40 contusions and abrasions to K.P.'s head and neck, along with a broken rib.

During the investigation of the incident, Harris County Sheriff's Office Officer Clopton interviewed appellant three times. Prior to the third interview, Clopton procured a warrant for appellant's arrest, which he did not serve on appellant or inform appellant of during the initial portion of the interview. After a break, Clopton arrested appellant and read him the warnings required by *Miranda v. Arizona*, 384 U.S. 436 (1966), and Code of Criminal Procedure article 38.22. *See* Tex. Code Crim. Proc. Ann. art. 38.22, §§ 2–3. At trial, appellant moved to suppress the recording of the interview on the grounds that appellant should have received the warnings at the start of the interview. The trial court denied the motion. Appellant did not request jury instructions concerning the voluntariness of

---

[1] We use the victim's initials as he was a minor when the offense was committed. *See* Tex. R. App. P. 9.10(a)(3), (b).

his statement.

On January 26, 2018, appellant was sentenced and filed a notice of appeal, in which appellant's trial counsel sought permission to withdraw and appellant requested appointment of appellate counsel due to indigence. The trial court did not rule on trial counsel's motion to withdraw, with the court's order stating that "[Trial] Counsel's motion to withdraw is Granted/Denied" without choosing either option. The trial court's order also indicated that appellant's request for appellate counsel was granted but left blank the space for naming the appointed appellate lawyer, specifically stating that "Defendant/appellant's motion is Granted and [blank space] is appointed to represent defendant/appellant on appeal."

## II.    ANALYSIS

### A. Assistance of counsel during the period for filing a motion for new trial

In his first issue, appellant argues he was denied the assistance of counsel during the 30-day period for filing a motion for new trial. *See* Tex. R. App. P. 21.4(a) (30 days to file motion for new trial after trial court imposes sentence). The Court of Criminal Appeals of Texas has held, "as a matter of federal constitutional law, that the time for filing a motion for new trial is a critical stage of the proceedings, and that a defendant has a constitutional right to counsel during that period." *Cooks v. State*, 240 S.W.3d 906, 911 (Tex. Crim. App. 2007). In cases in which a defendant is represented by counsel during trial, there is a rebuttable presumption that trial counsel "continued to adequately represent the defendant during this critical [motion-for-new-trial] stage." *Id.*

Appellant argues that "[t]here is no Court Order appointing anyone to represent Appellant on Appeal," concluding that, "[o]n this record, Appellant was not represented during the critical thirty (30) day period for filing a motion for a new trial." Even if we look solely at the trial court's order, appellant's argument

3

fails. The January 26 order supports appellant's contention that, at least as of January 26, the trial court had not appointed appellate counsel. The trial court's order, however, does not release appellant's trial counsel from his duties, as it neither grants nor denies trial counsel's motion to withdraw. In the absence of evidence to the contrary, we must presume that trial counsel continued in his duties in representing appellant, as trial counsel was obligated to continue representing appellant through the appellate process unless he was permitted to withdraw by the trial court or relieved by the appointment of appellate counsel—neither of which occurred on January 26 based on the strict reading of the trial court's order that appellant urges. *See Oldham v. State*, 977 S.W.2d 354, 361–63 (Tex. Crim. App. 1998) (explaining that trial counsel remains defendant's counsel for all purposes until expressly permitted to withdraw and is presumed to continue to represent defendant absent evidence showing otherwise).[2]

---

[2] The record contains substantial evidence showing that appellant was represented by counsel during the period for filing a motion for new trial. On January 31, 2018—five days after the trial court imposed appellant's sentence—as part of appellant's Pauper's Oath on Appeal, Cynthia Cline signed an affirmation stating she "will be solely responsible for writing a brief and representing the appellant on appeal." In addition, a letter dated February 6, 2018—still well within the 30-day period for filing a motion for new trial—from the Harris County District Clerk to Cline concerning this case includes a line-entry stating, "Appeal Attorney of Record: CYNTHIA CLINE."

In addition, the trial court's docket sheet contains an entry dated January 31, 2018, stating, "The defendant filed a sworn pauper's oath, and JUDGE JOHNSON, KELLI DIANE ordered CLINE, CYNTHIA J appointed as Appointed Atty On Appeal." Appellant correctly notes that a docket entry cannot control over a written order. *See Hernandez v. State*, 84 S.W.3d 26, 32 n.3 (Tex. App.—Texarkana 2002, pet. ref'd) (docket sheet "may supply facts in certain situations, but it cannot be used to contradict or prevail over a final judicial order" (quoting *N-S-W Corp. v. Snell*, 561 S.W.2d 798, 799 (Tex. 1977)). Still, at least one of our sister courts of appeals has credited a docket entry as evidence that a defendant was represented by counsel during the period for filing a motion for new trial, albeit in an unpublished opinion. *See Scull v. State*, No. 05-96-01718-CR, 1998 WL 340819, at *1 (Tex. App.—Dallas June 29, 1998, no pet.) (mem. op., not designated for publication) (concluding defendant was represented during period for filing motion for new trial when "the trial court's docket sheet contains an entry stating that appellate counsel was appointed and notified of her appointment by telephone").

As appellant has failed to rebut the presumption he was represented by counsel during the period for filing a motion for new trial, we overrule appellant's first issue.

## B. Jury instructions concerning voluntariness of statement

In his second and third issues, appellant argues the trial court erred by failing to give jury instructions concerning the voluntariness of his third statement to the police under Code of Criminal Procedure article 38.22, sections 6 and 7. Section 6 states:

> In all cases where a question is raised as to the voluntariness of a statement of an accused, the court must make an independent finding in the absence of the jury as to whether the statement was made under voluntary conditions. . . . Upon the finding by the judge as a matter of law and fact that the statement was voluntarily made, evidence pertaining to such matter may be submitted to the jury and it shall be instructed that unless the jury believes beyond a reasonable doubt that the statement was voluntarily made, the jury shall not consider such statement for any purpose nor any evidence obtained as a result thereof. . . .

Tex. Code Crim. Proc. Ann. art. 38.22, § 6.

Section 7 states, "When the issue is raised by the evidence, the trial judge shall appropriately instruct the jury, generally, on the law pertaining to such statement." *Id.* § 7. For purposes of section 7, "the issue" refers to compliance with the statutory warnings set forth in Code of Criminal Procedure articles 15.17 (duties of arresting officer and magistrate) and 38.22, sections 2 and 3 (expanded *Miranda* warnings), and the voluntariness of the defendant's waiver of those rights. *Oursborn v. State*, 259 S.W.3d 159, 176 (Tex. Crim. App. 2008) (citing Tex. Code Crim. Proc. Ann. arts. 15.17, 38.22, §§ 2–3).

While appellant's trial counsel did not request jury instructions concerning

the voluntariness of appellant's third statement under Code of Criminal Procedure article 38.22, such instructions are mandatory if there is sufficient supporting evidence. *See* Tex. Code Crim. Proc. Ann. art. 38.22, §§ 6–7; *Oursborn*, 259 S.W.3d at 178–81. An instruction under section 6 is warranted "if, based on the evidence presented at trial, a reasonable jury could conclude that the statement was not voluntary." *Vasquez v. State*, 225 S.W.3d 541, 545 (Tex. Crim. App. 2007). For a section 7 instruction to be mandatory, there "must be a genuine factual dispute" as to the voluntariness of the statement. *Oursborn*, 259 S.W.3d at 176.

Appellant argues he was entitled to jury instructions regarding the voluntariness of his third statement to Clopton because he was in custody during the first portion of the interview, but had not received *Miranda* warnings or warnings under article 38.22, sections 2 and 3. *See* Tex. Code Crim. Proc. Ann. art. 38.22, §§ 2–3; *Oursborn*, 259 S.W.3d at 169 (explaining that failure to give expanded *Miranda* warnings under sections 2 and 3 is one potential ground for involuntariness challenge); *see also Miranda*, 384 U.S. at 444–45. A person is considered "in custody" if a reasonable person in the same circumstances would have perceived his physical freedom to be restricted "to the degree associated with a formal arrest." *Dowthitt v. State*, 931 S.W.2d 244, 254 (Tex. Crim. App. 1996) (citing *Stansbury v. Cal.*, 511 U.S. 318, 322 (1994)). "The determination of custody must be made on an ad hoc basis, after considering all of the (objective) circumstances." *Dowthitt*, 931 S.W.2d at 255 (citing *Shiflet v. State*, 732 S.W.2d 622, 629 (Tex. Crim. App. 1985)). The court of criminal appeals has established four general situations which may constitute custody: (1) if the suspect is physically deprived of his freedom in any significant way; (2) if a peace officer tells the suspect not to leave; (3) if a peace officer creates a situation that would lead a reasonable person to believe that his freedom of movement has been

6

significantly restricted; or (4) if there is probable cause to arrest the suspect, and the peace officer does not tell the suspect he is free to leave. *Id.*

Appellant claims he was in custody because the evidence before the jury showed that Clopton "had a warrant in his pocket at the time of the third interview after which Appellant was arrested, and [Clopton] was not being truthful with Appellant when he told him he was free to go." This evidence, even if true, does not support the notion that appellant was in custody. While Clopton had a "pocket warrant" for appellant's arrest at the time of the interview, he testified that he did not make appellant aware of it. To the extent appellant argues he was in custody on the basis there was probable cause to arrest him and Clopton did not tell him he was free to leave, the fact that appellant was unaware of the warrant defeats the premise. An officer's knowledge of probable cause only bears on the question of custody if it is somehow communicated to the suspect; that is, if "the *manifestation* of probable cause, combined with other circumstances, would lead a reasonable person to believe that he is under restraint to the degree associated with an arrest." *Id.* (emphasis added). It is undisputed that appellant was unaware of the warrant.[3] Moreover, Clopton testified that appellant voluntarily accompanied Clopton to the station for the interview and that Clopton told appellant before beginning the interview that it was voluntary. These facts support the conclusion that appellant was not in custody, as a reasonable person would not have perceived his physical freedom to be restricted to the degree associated with a formal arrest. *Id.* at 254.

We accordingly conclude that the evidence before the jury did not raise a genuine issue as to the voluntariness of appellant's third statement and that a

---

[3] To the extent appellant argues that his statement was involuntary because it was induced by deception due to Clopton's failure to disclose the warrant, this argument also fails because appellant was not aware of the warrant. *See Flemming v. State*, 949 S.W.2d 876, 879 (Tex. App.—Houston [14th Dist.] 1997, no pet.) ("Logic dictates that before facts or circumstances can compel a defendant to make an involuntary statement, he must know of them.").

reasonable juror could not have concluded that the statement was made involuntarily. Under these circumstances, the trial court was not obligated to instruct the jury in accordance with Code of Criminal Procedure article 38.22, sections 6 and 7. *See Oursborn*, 259 S.W.3d at 176. We overrule appellant's second and third issues.

## C. Ineffective assistance of counsel

In his fourth issue, appellant argues that his trial counsel "was constitutionally ineffective in failing to object to the Court's charge for not including the instructions required by [Code of Criminal Procedure article 38.22,] Sections 6 and 7." Both the federal and state constitutions guarantee an accused the right to assistance of counsel. U.S. Const. amend. VI; Tex. Const. art. I, § 10. This right necessarily includes the right to reasonably effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 686 (1984); *Hernandez v. State*, 726 S.W.2d 53, 55 (Tex. Crim. App. 1986) (applying *Strickland* standard to ineffective-assistance claims under Texas Constitution). To prevail on his claims of ineffective assistance of counsel, appellant must prove (1) counsel's representation fell below the objective standard of reasonableness and (2) a reasonable probability that, but for counsel's deficiency, the result of the proceeding would have been different. *See Strickland*, 466 U.S. at 687–88; *Hernandez*, 726 S.W.2d at 55. In considering an ineffective-assistance claim, we indulge a strong presumption that counsel's actions fell within the wide range of reasonable professional behavior and were motivated by sound trial strategy. *Strickland*, 466 U.S. at 689; *Duncan v. State*, 717 S.W.2d 345, 347–48 (Tex. Crim. App. 1986).

There was no record developed below concerning trial counsel's strategy, so we will not hold counsel's performance was deficient "unless the challenged conduct was 'so outrageous that no competent attorney would have engaged in it.'"

8

*Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005) (quoting *Garcia v. State*, 57 S.W.3d 436, 440 (Tex. Crim. App. 2001)). As we previously determined that appellant was not entitled to jury instructions on voluntariness under article 38.22, sections 6 and 7, we likewise determine that trial counsel's performance in not requesting the instructions did not fall below the objective standard of reasonableness. *See Strickland*, 466 U.S. at 687–88; *Hernandez*, 726 S.W.2d at 55. We overrule appellant's fourth issue.

## D. Deadly-weapon finding

In his fifth issue, appellant argues that the trial court erred in making a finding of the use of a deadly weapon in its judgment. In the section of the judgment marked "Findings on Deadly Weapon," the judgment states, "YES, NOT A FIREARM."

The jury found appellant "guilty of injury to a child, as charged in the indictment." The indictment reads:

> Before me, the undersigned Assistant District Attorney of Harris County, Texas, this day appeared the undersigned affiant, who under oath says that he has good reason to believe and does believe that in Harris County, Texas, TREMAINE DESHAUN RACHAL, hereafter styled the Defendant, heretofore on or about NOVEMBER 28, 2013, did then and there unlawfully, intentionally and knowingly cause SERIOUS BODILY INJURY to [K.P.], hereinafter styled the Complainant, a child younger than fifteen years of age, by STRIKING THE COMPLAINANT WITH A DEADLY WEAPON NAMELY, HIS HAND.

> It is further presented that in Harris County, Texas, TREMAINE DESHAUN RACHAL, hereafter styled the Defendant, heretofore on or about NOVEMBER 28, 2013, did then and there unlawfully intentionally and knowingly cause SERIOUS BODILY INJURY to [K.P.], hereinafter styled the Complainant, a child younger than fifteen years of age, by STRIKING THE COMPLAINANT WITH A DEADLY WEAPON NAMELY, AN UNKNOWN OBJECT.

9

It is further presented that in Harris County, Texas, TREMAINE DESHAUN RACHAL, hereafter styled the Defendant, heretofore on or about NOVEMBER 28, 2013, did then and there unlawfully intentionally and knowingly cause SERIOUS BODILY INJURY to [K.P.], hereinafter styled the Complainant, a child younger than fifteen years of age, by STRIKING THE COMPLAINANT AGAINST AN UNKNOWN OBJECT.

Appellant argues that, because one of the three paragraphs in the indictment does not include the phrase "deadly weapon," there is a risk that the jurors were not unanimous as to a deadly-weapon finding. However, each paragraph contains the phrase "serious bodily injury," which, according to the court of criminal appeals, necessarily implies a deadly-weapon finding: "If a deadly weapon is anything that is capable of causing death or serious bodily injury, and the indictment alleges that the defendant caused death or serious bodily injury, and the jury finds the defendant guilty as charged in the indictment, the verdict is necessarily a finding that a deadly weapon was used." *Crumpton v. State*, 301 S.W.3d 663, 665 (Tex. Crim. App. 2009); *see* Tex. Penal Code Ann. § 1.07(a)(17)(B) (defining "deadly weapon" as "anything that in the manner of its use or intended use is capable of causing death or serious bodily injury"). We overrule appellant's fifth issue.

## III. CONCLUSION

We affirm the trial court's judgment.


/s/     Charles A. Spain
        Justice

Panel consists of Justices Wise, Zimmerer, and Spain.

Do Not Publish — TEX. R. APP. P. 47.2(b).

10