Charles Bob **SIMPSON**, Appellant,

v.

Barbara Jane **SIMPSON**, Appellee.

No. 05–86–00348–CV.

Court of Appeals of Texas, Dallas.

Feb. 27, 1987.

Rehearing Denied April 2, 1987.

John B. Kyle, Sherman, for appellant.

Jack G. Kennedy, Asst. Dist. Atty., Sherman, for appellee.

Before STEPHENS, ROWE and THOMAS, JJ.

THOMAS, Justice.

Mrs. Simpson filed suit for divorce on July 24, 1980, after twenty years of marriage to Dr. Simpson. After numerous hearings, a Decree of Divorce was signed November 15, 1982, which divided the assets and debts of the parties. Mrs. Simpson filed an appeal to this Court, alleging that the trial judge abused his discretion in dividing the property. In *Simpson v. Simpson,* 679 S.W.2d 39, 42 (Tex.App.—Dallas 1984, no writ), this Court reversed the judgment and remanded the case. The granting of the divorce having been affirmed, the second trial only involved issues of division of property and attorneys fees. After remand and a new trial, a judgment was entered December 27, 1985. Dr. Simpson, in bringing this appeal, alleges two points of error: (1) that the trial court erred in rendering a money judgment

for attorneys fees against him for the reason that, as a matter of law, no basis exists either by statute or common law for a separate award of attorneys fees; and (2) that the trial court erred in awarding the wife a disproportionate share of the community estate. We overrule both points and affirm the judgment of the trial court.

Dr. Simpson's position in point of error number one is that Section 3.63 of the Texas Family Code does not grant to the court the power or authority to render a judgment for attorneys fees against either party. Tex.Fam.Code Ann. § 3.63 (Vernon Supp.1987) requires the court to order a division of the estate of the parties in a manner that the court deems just and right, having due regard for the rights of each party and any children of the marriage.

This Decree of Divorce states in relevant part that:

> To effect an equitable division of the estate of the parties, and as part of the division, each party shall be responsible for his or her own attorneys fees incurred as a result of legal representation in this case except that Petitioner is granted judgment against Respondent, Charles Bob Simpson, for the sum of $44,698.00 for attorney's fees for the benefit of Jack G. Kennedy.

The award of a money judgment is one manner and method of dividing property in a divorce proceeding. *Murff v. Murff,* 615 S.W.2d 696, 699 (Tex.1981); *In Re Marriage of Jackson,* 506 S.W.2d 261, 266 (Tex.Civ.App.—Amarillo 1974, writ dism'd). The fact that the trial court here rendered a judgment for attorneys fees against Dr. Simpson, and in addition, specifically ordered a division of the property, did not violate section 3.63, Tex.Fam.Code Ann. (Vernon Supp.1987). *Brown v. Brown,* 520 S.W.2d 571, 579 (Tex.Civ.App.—Houston [14th Dist.] 1975, writ dism'd). Thus, the first point of error is overruled.

In point of error number two, Dr. Simpson contends that the court erred in awarding the wife a disproportionate share of the community estate. The record does

not contain any request for findings of fact and conclusions of law. In the absence of such findings of fact, the judgment of the trial court must be affirmed if it can be upheld on any legal theory that finds support in the evidence. *In the Interest of W.E.R.*, 669 S.W.2d 716, 717 (Tex.1984); *Lassiter v. Bliss*, 559 S.W.2d 353, 358 (Tex. 1977); and *3–D Electric Co., Inc. v. Barnett Construction Co.*, 706 S.W.2d 135, 146 (Tex.App.—Dallas 1986, writ ref'd n.r. e.).

The trial court has wide discretion in ordering a division of property, and a court's division will not be disturbed on appeal unless a clear abuse of discretion is shown. *Bell v. Bell*, 513 S.W.2d 20, 22 (Tex.1974). Any number of factors may be considered by the trial court in making its "just and right" division. The most comprehensive recitation of these factors is set forth in *Murff v. Murff*, 615 S.W.2d 696, 699 (Tex.1981). The Texas Supreme Court stated, in relevant part:

> "... the trial court may consider such factors as the spouses' capacities and abilities, benefits which the party not at fault would have derived from continuation of the marriage, business opportunities, education, relative physical conditions, relative financial condition and obligations, disparity of ages, size of separate estates, and the nature of the property. We believe that the consideration of such factors by the trial court is proper in making a "just and right" division of the property".

■ The award of attorneys fees is one factor to be considered in making an equitable division of the estate in a divorce. *Thomas v. Thomas*, 525 S.W.2d 200, 201 (Tex.Civ.App.—Houston [1st Dist.] 1975, no writ). A decree that one party pay the other's attorneys fees may be to award the paying party less of the estate. *Carle v. Carle*, 149 Tex. 469, 234 S.W.2d 1002, 1005 (1950); *Haggard v. Haggard*, 550 S.W.2d 374, 378 (Tex.Civ.App.—Dallas 1977, no writ).

■ The testimony reveals that Dr. Simpson has substantially greater earning potential, more business opportunities, capacities and abilities than does Mrs. Simpson. While Dr. Simpson was earning in excess of $300,000 per year, plus fringe benefits from a corporate medical practice, Mrs. Simpson was earning approximately $5,000 per year with her degree in liberal arts. This factor alone could justify a disproportionate division. *Bokhoven v. Bokhoven*, 559 S.W.2d 142, 144 (Tex.Civ.App.— Tyler 1977, no writ).

Further, it is undisputed that Mrs. Simpson has had medical problems which have necessitated hospitalization on separate occasions. Neither she nor Dr. Simpson know what the future holds with respect to her medical problems. The health of spouses is an additional factor to be considered in the division of the estate. *Roberts v. Roberts*, 663 S.W.2d 75 (Tex. App.—Waco 1983, no writ); *Cravens v. Cravens*, 533 S.W.2d 372, 376 (Tex.Civ.App. —El Paso 1975, no writ). The testimony further established that during the marriage Mrs. Simpson received the benefit of a major medical policy and the attendant benefits of being the wife of a physician. Since the date of the divorce, these benefits have been terminated and any future insurance coverage or medical expenses will have to be paid by Mrs. Simpson.

The need for future support is an element the trial judge could consider in dividing this estate. *Goren v. Goren*, 531 S.W.2d 897, 900 (Tex.Civ.App.—Houston [1st Dist.] 1975, writ dism'd); *Pickett v. Pickett*, 401 S.W.2d 846, 848 (Tex.Civ.App. —Tyler 1966, no writ). The record reveals that since the date of the divorce, Mrs. Simpson has had to borrow money for living expenses and at least $4,500 is still owing. The evidence was undisputed that she had no savings accounts, stocks, etc., and had only $4.10 in her checking account. Dr. Simpson, on the other hand, since the 1982 divorce, had personally acquired assets with a value of at least $235,000. During this same period, his corporation, with a gross income in excess of $50,000 per month, had invested in a new pension plan which had a value of approximately $200,-000 and had purchased a new automobile for his use in the sum of $53,000.

While the parties were under an order not to dispose of or waste assets, the testimony established that $228,000 worth of community assets came into the sole possession of Dr. Simpson and no real accounting thereof was ever made. This Court, in *Simpson v. Simpson*, 679 S.W.2d 39, 42 (Tex.App.—Dallas 1984, no writ), instructed the trial judge to consider these sums as well as the substantial gifts and other favors for another woman in making the new property division.

Considering the evidence presented, we hold that the trial judge did not abuse his discretion in awarding a disproportionate share of the community assets to Mrs. Simpson. The second point of error is overruled.

Affirmed.