Bernard J. DOLENZ, Appellant,

v.

AMERICAN GENERAL FIRE AND CASUALTY COMPANY and Northern Insurance Company of New York, Appellees.

No. 05–89–01314–CV.

Court of Appeals of Texas, Dallas.

Oct. 15, 1990.

Rehearing Denied Nov. 19, 1990.

Bernard J. Dolenz, Dallas, for appellant.

Belinda V. Vrielink, Dallas, for appellees.

Before WHITHAM, ROWE and THOMAS, JJ.

## OPINION

ROWE, Justice.

Bernard J. Dolenz sued the insurers for fire loss to a residence and its contents and for bad faith claims handling. Pending trial, the insurers paid Dolenz the face amount due for a total loss of contents and, claiming the dwelling loss was less than total, paid approximately one-third of the insured value of the dwelling. A subsequent court-ordered appraisal, found valid by the trial judge, fixed the loss to the dwelling at $7,713.43 *less* than the insurers had already paid. Thereupon, Dolenz amended his pleadings to reflect: that no further insurance proceeds were owed to him, that his action for bad faith claims handling was dismissed, and that the only unresolved issues in the cause were his recovery of $5,000 in reasonable attorney fees and accrued prejudgment interest amounting to $12,774.93 calculated at an annual rate of ten percent. The court granted a motion for judgment to this effect made by Dolenz and entered judgment in favor of Dolenz against the insurers in compliance with Dolenz's prayer. Dolenz now contends on appeal that the trial court abused its discretion in ordering and in validating the appraisal. Further, Dolenz contends that the trial court abused its discretion in quashing the deposition of the insurers' attorney. We overrule both contentions.

The record on its face reflects that the judgment entered by the trial court granted to Dolenz all the relief to which he was entitled as a matter of law under the state of his live pleadings. Indeed, the two points of error urged by Dolenz pertain solely to preliminary rulings made by the trial judge before the filing of his last amended petition and the presentation of his motion for judgment based upon it. A litigant cannot ask something of a court and then complain that the court committed error in giving it to him. *Northeast Motor Lines, Inc. v. Hodges,* 138 Tex. 280, 158 S.W.2d 487, 488 (1942). Thus, when the record on appeal conclusively establishes that the trial court entered its judgment in full compliance with the appellant's prayer for relief as supported by the pleadings, all complaints by the appellant about the trial court's action in so doing are foreclosed. In the absence of a showing of the entry of an improper judgment, no reversible error is presented. Tex.R.App.P. 81(b)(1). *See Dolenz v. Pulse,* 791 S.W.2d 572, 573 (Tex.App.—Dallas 1990, no writ). Accordingly, we overrule Dolenz's first and second points of error.

The insurers assert three cross-points. In their first cross-point, the insurers contend that the trial court erred in awarding Dolenz prejudgment interest at the rate of ten percent per annum rather than at the statutory six percent per annum rate which applies to contracts that are silent as to the interest rate but contain an ascertained sum payable. The insurers rely on article 5069-1.03 of the Texas Revised Civil Statutes. The insurers point out that if the measure of damages is unascertainable from the contract, a court may award prejudgment interest, on equitable principles, at the rate of interest on judgments as set out in article 5069-1.05 of the Texas Revised Civil Statutes. *Perry Roofing v. Olcott*, 744 S.W.2d 929, 932 (Tex. 1988); *Wheat v. American Title Ins.*, 751 S.W.2d 943, 944-45 (Tex.App.—Houston [1st Dist.] 1988, no writ).

Article 5069-1.03 states:

> When no specified rate of interest is agreed upon by the parties, interest at the rate of six percent per annum shall be allowed on all accounts and contracts ascertaining the sum payable, commencing on the thirtieth (30th) day from and after the time when the sum is due and payable.

TEX.REV.CIV.STAT.ANN. art. 5069-1.03 (Vernon 1987). The insurance policy at issue does not specify a rate of interest. An insurance policy is a contract ascertaining a sum payable within the meaning of article 5069-1.03 if the policy provides the conditions upon which one may ascertain the sum payable with reasonable certainty, in light of the attending circumstances. *National Fire Ins. Co. v. Valero Energy Corp.*, 777 S.W.2d 501, 512 (Tex.App.—Corpus Christi 1989, writ denied); *Thompson v. Trinity Universal Ins. Co.*, 708 S.W.2d 45, 48 (Tex.App.—Tyler 1986, writ ref'd n.r.e.). The policy at issue in this case provides the conditions upon which liability depends and fixes a measure by which the sum payable can be ascertained with rea-sonable certainty. It states in pertinent part as follows:

> THE COMPANY DESIGNATED ON PART ONE ... does insure the person named on Part One ... against direct loss resulting from any of the Perils in Part One....
>
> ... [L]iability hereunder ... shall [not] exceed the amount it would cost to repair or replace the property with material of like kind and quality within a reasonable time after the loss....

Accordingly, we sustain the insurers' first cross-point and reform the judgment to award Dolenz prejudgment interest at the applicable statutory rate of six percent per annum on the amount found due under the policy, interest to be calculated for a period beginning on the thirtieth day from the due date and ending on the date of payment.[1]

In their second cross-point, the insurers contend that the trial court erred in failing to require Dolenz to repay them the $7,713.43 which they overpaid him for the dwelling, yard work, shrubbery, living allowance, and Venetian blinds. Prior to an appraisal of the property, the insurers paid $40,221.63 to Dolenz to cover these damages. The insurers believed this to be the maximum amount they owed Dolenz. After an appraisal was made, on the insurers' motion, the trial court entered an order fixing the appraisal of $32,508.20 as the amount of these damages covered under the policy. Thereupon, the insurers amended their answer to include a counterclaim and, by a motion for partial summary judgment, sought to recover the overpayment of $7,713.43, plus prejudgment interest on that amount. Although this partial summary judgment was granted, the trial court's final judgment included no express award to the insurers for the overpayment; to the contrary, it recited, "All other relief not expressly granted herein is denied." To the extent it denied recovery on the insurers' counterclaim, the judgment is er-

---

**1.** In the absence of objection by Dolenz, we accept as correct the insurers' calculation of the prejudgment interest owed to Dolenz. Prejudgment interest is awarded on the principal sum of $102,128.20 ($70,800 policy limit on contents less $1,180.00 policy deductible plus $32,508.20 appraisal award on dwelling). Interest on $102,128.20 at six percent for the period in question amounts to $5,691.13.

roneous. Accordingly, we sustain the insurers' second cross-point and reform the judgment to award to the insurers $7,713.43, together with prejudgment interest thereon at the rate of six percent per annum, interest to be calculated for a period beginning on the thirtieth day from the date of overpayment and ending on the date of judgment.[2]

 In their third cross-point, the insurers contend that this Court should sanction Dolenz for bringing this frivolous appeal. Texas Rule of Appellate Procedure 84 provides in pertinent part:

> In civil cases where the court shall determine that an appeal or writ of error has been taken for delay and without sufficient cause, then the appellate court may, as part of its judgment, award each prevailing appellee or respondent an amount not to exceed ten percent of the amount of damages awarded to such appellee or respondent as damages against such appellant or petitioner. If there is no amount awarded to the prevailing appellee or respondent as money damages, then the appellate court may award, as part of its judgment, each prevailing appellee or respondent an amount not to exceed ten times the total taxable costs as damages against such appellant or petitioner.

The purpose of rule 84 is to shift part of an appellee's expense and burden of defending itself in a frivolous appeal to the appellant. This Court strongly believes that meritless litigation constitutes an unnecessary burden on both the parties and the courts. After reviewing this entire case very carefully, we conclude that Dolenz, who holds a law degree and represents himself on appeal, prosecuted this appeal without sufficient cause. First, he took an appeal from

a final judgment which he moved to have entered and that gave him exactly the relief for which he prayed. Second, he complained solely about two interlocutory orders whose harmful effects, if any, were rendered inconsequential by the final judgment which he sought. Spurious litigation of this type must not go unsanctioned, particularly with respect to a litigant who persists in the condemned practice. *See Dolenz v. A___ B___,* 742 S.W.2d 82 (Tex.App.— Dallas 1987, writ denied). Accordingly, because our opinion awards no net damages to the appellees,[3] we tax rule 84 damages against Dolenz equal to ten times the total taxable costs on appeal. We also tax all costs of appeal against Dolenz. Tex.R. App.P. 82.

As reformed, the judgment of the trial court is affirmed.

---

**2.** In the absence of objection by Dolenz, we also accept as correct the insurers' calculation of prejudgment interest owed by Dolenz for the overpayment. Interest on $7,713.43 at the rate of six percent for the period in question amounts to $1,352.59.

**3.** The effect of our reformation of the trial court's judgment is to award a net amount of $1,625.11 to Dolenz ($5,691.13 as prejudgment interest plus $5,000 for attorney fees less an offset of $9,066.02 consisting of the $7,713.43 overpayment plus $1,352.59 as prejudgment interest on the overpayment). The insurers have represented to this Court that they have previously satisfied this net award to Dolenz while the appeal was pending. Accepting this as true, the only part of the judgment on appeal remaining unsatisfied are the costs of appeal and rule 84 damages being taxed against Dolenz.