**Richard O. ROEVER, Jr., Appellant,**

v.

**Kilby Greeves ROEVER, Appellee.**

No. 05–91–00446–CV.

Court of Appeals of Texas, Dallas.

Jan. 22, 1992.

Rehearing Denied Feb. 26, 1992.

Craig M. Fowler, Dallas, for appellant.

Fred H. Benners, Dallas, for appellee.

Before WHITHAM, OVARD and MALONEY, JJ.

## OPINION

MALONEY, Justice.

Richard Roever (Husband) appeals from a divorce decree granted to him and Kilby Roever (Wife). In his sole point of error, Husband contends the trial court erred in awarding Wife a personal judgment for attorney's fees. Wife files her cross-point requesting Rule 84 delay damages. TEX. R.APP.P. 84. We overrule Husband's point of error. We sustain Wife's cross-point. We affirm the trial court's judgment.

## FACTUAL BACKGROUND

Husband filed for divorce. Wife cross-petitioned for attorney's fees and reimbursement of community funds allegedly spent on Husband's separate property. Trial was to the court. The final decree of divorce divided the assets and debts of the parties, and awarded Wife $7500 for attorney's fees. Neither party requested findings of fact.

## ATTORNEY'S FEES

Husband maintains in his sole point of error that the trial court erred in awarding attorney's fees. He contends that because the court found that community liabilities exceeded the value of the community estate, the judgment for attorney's fees improperly awards his separate property.

### 1. Standard of Review

■ We do not disturb a court's division of property absent a clear abuse of discretion. *Bell v. Bell,* 513 S.W.2d 20, 22 (Tex. 1974). When we have no findings of fact in the record, we uphold the judgment on any legal theory supported by the evidence. *Allen v. Allen,* 717 S.W.2d 311, 313 (Tex. 1986); *Simpson v. Simpson,* 727 S.W.2d 662 at 664 (Tex.App.—Dallas 1987).

### 2. Applicable Law

■ The Texas Family Code requires the trial court to divide the parties' estate in a just and right manner, having due regard for the rights of each party. TEX. FAM.CODE ANN. § 3.63 (Vernon Supp.1992). The trial court has wide discretion in ordering such division. *Simpson v. Simpson,* 727 S.W.2d 662, 664 (Tex.App.—Dallas 1987, no writ). The trial judge may consider the parties' earning potential, business opportunities, need for future support, and attorney's fees in dividing the estate. *Murff v. Murff,* 615 S.W.2d 696, 699 (Tex. 1981); *Simpson,* 727 S.W.2d at 664. The award of a money judgment is one manner of dividing property in a divorce proceeding. *Murff,* 615 S.W.2d at 699. Other than the court's equitable power to award attorney's fees in dividing the community property, the trial court cannot award attorney's fees in a divorce action. *Chiles v. Chiles,* 779 S.W.2d 127, 129 (Tex.App.— Houston [14th Dist.] 1989, writ denied).

■ "A docket entry forms no part of the record which may be considered; it is a memorandum made for the trial court and clerk's convenience." *Energo Int'l Corp. v. Modern Indus. Heating, Inc.,* 722 S.W.2d 149, 151 (Tex.App.—Dallas 1986, no writ). Although docket entries may supply facts in *certain situations,* they cannot contradict or override a final judicial order. *N–S–W Corp. v. Snell,* 561 S.W.2d 798 (Tex.1977). We consider docket entries only under the limited exception of *N–S–W Corp.*—clerical error. *Energo,* 722 S.W.2d at 151, n. 2.

### 3. Application of Law to Facts

■ Husband relies on the court's docket sheet notations to show that the community property estate was of no or nominal value. Neither party alleges clerical error. Without clerical error, we do not review docket sheet notations. Nothing in the court's decree supports Husband's argument that the trial court found the community property estate was of no value or nominal value.

Husband also relies on *Chiles* to support his position that because there was no community estate to divide, the court had no authority to award attorney's fees. His reliance is misplaced. In *Chiles,* the parties signed a premarital agreement and reaffirmed that agreement after marriage. The agreement provided that the couple would not have *any* community property. *Chiles,* 779 S.W.2d at 128. Furthermore, unlike *Chiles,* this record reflects that a community estate existed.

■ The testimony reveals Husband has greater earning potential, business opportunities, and abilities than Wife. The trial court properly exercised its equitable powers by awarding attorney's fees in its division of the community property.

The trial court did not abuse its discretion in awarding Wife a judgment for attorney's fees in its division of the community estate. We overrule Husband's sole point of error.

### DELAY DAMAGES

In her cross-point, Wife requests this court to award her Rule 84 delay damages. TEX.R.APP.P. 84. She alleges that this appeal is a continuation of Husband's financial punishment.

#### a. Standard of Review

■ Rule 84 provides:

In civil cases where the court of appeals shall determine that an appellant has taken an appeal *for delay* and *without sufficient cause,* then the court may, as part of its judgment, award each prevailing appellee an amount not to exceed ten percent of the amount of damages

awarded to such appellee as damages against such appellant. If there is no amount awarded to the prevailing appellee as money damages, then the court may award, as part of its judgment, each prevailing appellee an amount not to exceed ten times the total taxable costs as damages against such appellant.

Tex.R.App.P. 84 (emphasis added). Before we may assess damages for delay, we must determine the appeal was taken (1) without sufficient cause and (2) only for delay. *Naydan v. Naydan,* 800 S.W.2d 637, 643 (Tex.App.—Dallas 1990, no writ). Rule 84 shifts part of the appellee's expense and burden of defending a frivolous appeal to the appellant. *Dolenz v. American Gen. Fire & Casualty Co.,* 798 S.W.2d 862, 865 (Tex.App.—Dallas 1990, writ denied). "This Court strongly believes that meritless litigation constitutes an unnecessary burden on both the parties and the courts." *Id.*

■■■ We review the record from the advocate's standpoint and determine if he had reasonable grounds to believe this Court would reverse the judgment. *Naydan,* 800 S.W.2d at 643. We apply this rule with prudence, caution, and after careful deliberation. *Loyd Elec. Co. v. Millett,* 767 S.W.2d 476, 484 (Tex.App.—San Antonio 1989, no writ). We only award damages if the likelihood of a favorable result was so improbable that it makes this an appeal taken for delay and without sufficient cause. *Mid–Continent Casualty Co. v. Whatley,* 742 S.W.2d 475, 479 (Tex.App.—Dallas 1987, no writ).

### b. Application of Law to Facts

■■■ Husband suggests *Chiles* controls our decision in this case. That the Chiles never owned any community property distinguishes it from this case. *Chiles,* 779 S.W.2d at 128. We decline to extend *Chiles* to the facts of this case.

Husband ignores this Court's decision in *Simpson. Simpson,* 727 S.W.2d at 662.

When Husband did not request and file findings of fact, he brought himself under *Simpson.* He distinguishes *Simpson* by comparing the estates' size. He maintains the court found the Roevers' community estate was of no or nominal value. However, no such finding exists in the record.

Husband relies on docket entries to show the value of the estate. Yet he cites no cases for authority to substitute docket entries for findings of fact. At oral argument, Husband's counsel contended he knew of no cases supporting his position on docket entries. He did not bring to this Court's attention the legion of contrary law.

After reviewing the record in this case, we find the above factors show this to be a frivolous appeal. We conclude that Husband's counsel, a family law specialist, had no reasonable grounds to believe that we would reverse this case.

■■■ The trial court awarded Wife's attorney's fees as an equitable division of the community estate—not as *damages. See Simpson,* 727 S.W.2d at 664; *Murff,* 615 S.W.2d at 699. Because there was no damage award to Wife, we measure rule 84 damages against Husband by the total taxable costs on appeal. *See Dolenz,* 798 S.W.2d at 865; Tex.R.App.P. 84. Costs total $1071 for this appeal. We award Wife delay damages at five times the total taxable costs or $5355.

We render judgment of $5355 for Wife and against Husband, together with interest at ten percent per annum from the date of this opinion.[1]

We affirm the trial court's judgment.

OVARD, J., dissents.

OVARD, Justice, dissenting.

I respectfully dissent. I do so only to that portion of the majority opinion that awards delay damages under rule 84 of the

---

1. Computation of judgment rate by the consumer credit commissioner for the month of January 1992, 16 Tex.Reg. 7756 (December 27, 1991), pursuant to Tex.Rev.Civ.Stat.Ann. art. 5069–1.05, § 2 (Vernon Supp.1992). We judicially notice the contents of the Texas Register. The published judgment rate is prima facie evidence of the rate and that it is the effective rate on and after the date noted. Tex.Rev.Civ.Stat.Ann. art. 6252–13a, § 4(c) (Vernon Pamph.1992).

Texas Rules of Appellate Procedure. As the majority recognizes, we can assess rule 84 damages only when we find that (1) the appeal was taken for delay, and (2) there was no sufficient cause. *Naydan v. Naydan*, 800 S.W.2d 637, 643 (Tex.App.—Dallas 1990, no writ). I do not find that either of these criteria have been satisfied.

### Delay

At the outset, I am not convinced the appeal was taken for delay. The final divorce decree contained a division of assets and debts as well as an award of attorney's fees. Husband, however, appeals only that portion of the judgment that awarded wife $7500 in attorney's fees. He did not appeal the trial court's division of assets or debts.

Without findings of fact, husband relied on a docket sheet entry to support his factual position that the trial court erroneously awarded attorney's fees. He directs us to *Chiles v. Chiles*, 779 S.W.2d 127, 129 (Tex.App.—Houston [14th Dist.] 1989, writ denied), which provides that attorney's fees can be awarded only under the trial court's equitable division of community property. Husband argues that because the trial court found the community property was of no value or nominal value, there was no equitable division of community property on which to base the award of attorney's fees. Thus, he contends that any award of attorney's fees was in error. Husband's limited challenge of the award of attorney's fees, and not the division of assets and debts or any other aspect of the judgment, seems to militate against a tactic of delay.

### Sufficient Cause

Next, in determining whether there was sufficient cause, we look at the case from the advocate's viewpoint to determine whether he had a reasonable basis to believe the case would be reversed. *Mid–Continent Casualty Co. v. Whatley*, 742 S.W.2d 475, 479 (Tex.App.—Dallas 1987, no writ). The majority relies primarily on husband's mistaken belief that the docket sheet entry, in the absence of findings of fact, could be used to support his argu-

ment. As the majority correctly holds, the docket sheet entry could not be used as a substitute for findings of fact. *See N–S–W Corp. v. Snell*, 561 S.W.2d 798, 799 (Tex. 1977). Husband's advocate was simply incorrect concerning the use of the docket entries. But, I cannot say that his misunderstanding, when appealing only the award of attorney's fees, provided no reasonable grounds to believe reversal could be achieved. *See Star–Tel, Inc. v. Nacogdoches Telecommunications*, 755 S.W.2d 146, 150 (Tex.App.—Houston [1st Dist.] 1988, no writ) (sanctions inappropriate where appellant was confused over the prerequisite notice section of the DTPA and the appropriate remedy for noncompliance).

Appeal is a sacred and valuable right. Husband's advocate's reliance on the docket sheet entries, albeit in error, was some indication that he had a basis for a successful appeal. *See Loyd Elec. Co. v. Millett*, 767 S.W.2d 476, 484 (Tex.App.—San Antonio 1989, no writ). I would overrule wife's cross-point and sustain the trial court's judgment.