
FILED
*March 27, 2015*
Third Court of Appeals
Jeffrey D. Kyle
Clerk

ACCEPTED
03-13-00075-CV
4602919
THIRD COURT OF APPEALS
AUSTIN, TEXAS
3/23/2015 2:22:34 PM
JEFFREY D. KYLE
CLERK

NO. 03-13-00075-CV

IN THE COURT OF APPEALS FOR THE
THIRD DISTRICT OF TEXAS
AUSTIN, TEXAS

RECEIVED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS

3/23/2015 2:22:34 PM

JEFFREY D. KYLE
Clerk

**MICHAEL W. CARPENTER,**

**Appellant**

**v.**

**THE STATE OF TEXAS,**

**Appellee**

Appeal from the 274th District Court of Hays County, Texas
Trial Court Cause No. 11-1960
The Honorable Bert Richardson, Judge Presiding

**BRIEF OF APPELLEE**
**THE STATE OF TEXAS**

MARK D. KENNEDY
SBN 24032498 / mark.kennedy@co.hays.tx.us
OFFICE OF GENERAL COUNSEL
HAYS COUNTY, TEXAS
111 E. San Antonio, Suite 202
San Marcos, Texas 78666
512.393.2219   (telephone)
512.392.6500 (telecopier)

*Attorney for Appellee*

# IDENTITY OF PARTIES AND COUNSEL

A complete list of all parties to the trial court's judgment, together with the names and addresses of all trial and appellate counsel, appears below.

**Appellant:** Michael W. Carpenter
*Pro Se*

Inmate #1201045
8 O.B. ELLIS UNIT
1697 FM 980
Huntsville, TX 77343

**Appellee:** Wes W. Mau, in his capacity as an Assistant District Attorney for Hays County, Texas, Representing the State of Texas

Hays County Government Center
712 S. Stagecoach Trail, Suite 2057
San Marcos, Texas 78666

**Trial Counsel for Appellee:** Mark Zuniga
State Bar No. 24013804
Mark.Zuniga@dfps.state.tx.us

**Substitute/Appellate Counsel:** Mark D. Kennedy
State Bar No. 24032498
**General Counsel – Hays County**
Mark.Kennedy@co.hays.tx.us
111 E. San Antonio, Suite 202
San Marcos, Texas 78666

i

# TABLE OF CONTENTS

**Page**

IDENTITY OF PARTIES AND COUNSEL ........................................................ i

TABLE OF CONTENTS ................................................................................ ii

TABLE OF AUTHORITIES ......................................................................... iv

RECORD REFERENCES ............................................................................. 1

STATEMENT OF THE CASE ....................................................................... 1

ISSUES PRESENTED ................................................................................... 1

STATEMENT OF FACTS ............................................................................. 2

SUMMARY OF THE ARGUMENT .............................................................. 4

ARGUMENT ................................................................................................. 4

    A.    Standard of Review. ............................................................... 4

    B.    Statute of Limitations ............................................................ 6

    C.    Res Judicata / Collateral Estoppel ........................................ 8

    D.    Immunity ................................................................................ 8

        1.    Prosecutors Are Entitled to Absolute Immunity ......... 8

        2.    Counties Enjoy Governmental Immunity .................. 10

            a.    Purposes of Sovereign and Governmental Immunity ............................................................. 11

            b.    Immunity from Suit is a Component Aspect of Sovereign/Governmental Immunity ...................... 12

PRAYER ...................................................................................................... 13

CERTIFICATE OF SERVICE ..................................................................... 15

CERTIFICATE OF COMPLIANCE......................................................................16

# TABLE OF AUTHORITIES

**Cases**

*Ben Bolt-Palito Blanco Consol. Ind. Sch. Dist. v. Tex. Political Subdivisions Prop. Cas. Self Ins. Fund*, 212 S.W.3d 320 (Tex. 2006) ..................................................................................................11

*Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547 (Tex. 2000) ..................................13

*Boyd v.* Biggers, 31 F.3d 279 (5th Cir. 1994) ........................................................9

*City of El Paso v. Heinrich,* 284 S.W.3d 366 (Tex. 2009) ....................................10

*City of Houston v. Arney*, 680 S.W.2d 867 (Tex. App.— Houston [1st Dist.] 1984, no writ)..............................................................12

*City of Houston v. Williams*, 353 S.W.3d 128 (Tex. 2011) ..................................11

*Dallas Area Rapid Transit v. Whitley*, 104 S.W.3d 540 (Tex. 2003) ........................................................................................................6

*Disreali v. Rotunda,* 489 F.3d 628 (5th Cir. 2007)..............................................9

*Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238 (Tex.1985)(cert. denied), 476 U.S. 1159 (1986)......................................5

*Fed. Sign v. Tex. S. Univ.*, 951 S.W.2d 401 (Tex. 1997).........................................12

*Francis v. Marshall*, 841 S.W.2d 51 (Tex. App. – Houston [14th Dist.] 1992, no writ) ..............................................................8

*G&H Towing Co. v. Magee*, 347 S.W.3d 293 (Tex. 2011) ..................................5

*Harris County Hosp. Dist. v. Tomball Reg'l Hosp.*, 283 S.W.3d 838 (Tex. 2009) ......................................................................10, 12

*Heigel v. Wichita County*, 84 Tex. 392, 19 S.W. 562 (1892) ..............................10

*Holmes v. Texas A&M Univ.*, 145 F.3d 681 (5th Cir. 1988) ..............................6, 7

*Hulsey v. Owens,* 63 F.3d 354 (5th Cir. 1994)......................................................9

*Imbler v. Pachtman,* 424 U.S. 409, 96 S.Ct. 984 (1946)......................................8, 9

*Kentucky v. Graham,* 473 U.S. 159, 105 S.Ct. 3099 (1985).................................10

*Lowe v. Tex. Tech Univ.*, 540 S.W.2d 297 (Tex. 1976)........................................10

*Rolling Plains Groundwater Conservation Dist. v. City of Aspermont*, 353 S.W.3d 756 (Tex. 2011).............................................................10

*Rusk State Hospital v. Black*, 392 S.W.3d 88 (Tex. 2012) ....................................11

*Siegert v. Gilley,* 600 U.S. 226, 111 S.Ct. 1789 (1991)..............................................9

Simpson v. Simpson, 727 S.W.2d 662 (Tex.App.-Dallas 1987,
  no writ).........................................................................................................5

*State v. Lueck*, 290 S.W.3d 876 (Tex. 2009) .............................................................12

*Sw. Bell Tel., L. P. v. Harris County Toll Road Auth.*, 282
  S.W.3d 59 (Tex. 2009) ...................................................................................11

*Tex. Ass'n of Bus. v. Tex. Air Control*, 852 S.W.2d 440 (Tex.
  1993) ..............................................................................................................5

*Tex. Dep't of Protective & Regulatory Servs. v. Mega Child
  Care, Inc.*, 145 S.W.3d 170 (Tex. 2004) ......................................................10

*Tex. Dep't of Transp. v. Jones*, 8 S.W.3d 636 (Tex. 1999) .....................................12

*Tex. Dep't of Transp. v. Sefzik*, 355 S.W.3d 618 (Tex. 2011) ................................11

*Tex. Home Mgmt. v. Peavy,* 89 S.W.3d 30 (Tex. 2002) ...........................................11

*Tooke v. City of Mexia*, 197 S.W.3d 325 (Tex. 2006) ..............................................11

*Trans. League, Inc. v. Morgan Express, Inc.*, 436 S.W.2d 378
  (Tex. Civ. App. – Dallas 1969, writ ref'd n.r.e.).........................................7

*Vacek Group, Inc. v. Clark,* 95 SW.3d 439 (Tex.App.-Houston
  [1st Dislt.] 2002, no writ) ..............................................................................7

*Van de Kamp v. Goldstein,* 555 U.S. 335, 129 S.Ct. 855 (2009) .............................8

*Walker v. Packer*, 827 S.W.2d 833 (Tex.1992).........................................................4

*Wichita Falls State Hosp. v. Taylor,* 106 S.W.3d 692 (Tex.
  2003) ..............................................................................................................11

**Statutes**

TEX. CIV. PRAC. & REM. CODE § 101.021 ..................................................................11

TEX. CIV. PRAC. & REM. CODE § 16.051 ......................................................................6

## RECORD REFERENCES

Appellees will make use of the following abbreviations in their Brief:

| | |
|---|---|
| Clerk's Record | CR page |
| Reporter's Record | RR page |
| Appellant's Brief | Brief page |

## STATEMENT OF THE CASE

| | |
|---|---|
| Description: | Suit for Injunction and "Declaration that the acts and omissions alleged [by Appellant] violated [Appelant's] Rights under Due Course of Law and Constitutional Laws of the United States." |
| Trial Court Judge: | The Honorable Bert Richardson |
| Trial Court: | 22nd Judicial District Court, Hays County, Texas |
| Trial Court Disposition: | Final Summary Judgment |
| Appellant: | Michael W. Carpenter |
| Appellee: | Wes W. Mau, in his capacity as an Assistant District Attorney for Hays County, Texas, Representing the State of Texas |
| Action for which Relief is Sought: | Review of district court's entry of final judgment granting Appellee's plea to the jurisdiction and dismissing the suit. |

## ISSUES PRESENTED

1.  Did Appellant file suit after the expiration of the applicable statute of limitations for an action seeking injunctive and declaratory relief?

2.  Is Appellant raising issues that have already been raised and decided in the context of his criminal case and its various appeals?

3.  Is Appellee entitled to immunity from suit based on absolute immunity or based upon sovereign/governmental immunity enjoyed

1

by his employer, Hays County, a political subdivision of the State of Texas?

## STATEMENT OF FACTS

On October 8, 2003 a judgment was rendered pursuant to a jury verdict finding Appellant, Michael W. Carpenter, guilty of Aggravated Assault with a Deadly Weapon, a charge which was enhanced to a habitual offender. Appellant was sentenced by that jury to serve forty years' confinement.  (CR, Vol.1, p.80). Appellee, Wesley Mau was the State's Attorney in that prosecution, and Judge Gary Steel was the District Court Judge presiding over the criminal trial. (CR, Vol.1, p.80).

Having lost his original criminal appeal, Carpenter filed his first application for writ of habeas corpus on or about September 7, 2007.  (CR, Vol.1, pp.94-129). In that application, Appellant made several complaints, including 1) ineffective assistance of counsel, for several grounds, 2) Brady violation(s) associated with Appellant's allegation that a) the jury was not allowed to hear what deals were made in exchange for testimonies, b) the jury was not informed of prior criminal history of witnesses.  Separately, but on a seemingly related theme, Appellant complained of "violations of states [sic] duty to all disclosures."  (CR, Vol.1, p.100).  Appellant subsequently complained that his attorney "allowed the State of By pass [sic] Brady requirements as to allowing [sic] the jury to know that the

alleged victim had no credibility, see 'in limine' motion by state as to victims [sic] priors." (CR, Vol.1, p.100). He further complained "that the testimony by the alleged victim is suspect and not credible nor trustworthy from a convicted felon." (CR, Vol.1, p.101). The Writ of Habeas Corpus was summarily denied without a written order. (CR, Vol.1, p. 128).

Appellant filed his second Application for Writ of Habeas Corpus on or about June 30, 2011. (CR, Vol.1, pp.130-142). It was also summarily denied. (CR, Vol.1, p.144).

Having exhausted his appellate and remedial avenues by way of his criminal case, Appellant then decided to file (on or about October 6, 2011) the civil action that is the subject of this appeal, seeking Injunctive and Declaratory relief, and alleging that Appellee violated his duties under the Texas Code of Criminal Procedure when he failed to timely comply with a pretrial scheduling order and, apparently, *Brady* and its progeny.[1] (CR, Vol.1, p.6). Appellee's civil action sought "adeclaration [sic] that the acts and omissions described herein violated the Complainant's Rights under Due Course of Law" and "a permanent injunction" requiring Appellee "to comply with Due Course of Law . . . by admitting Abuse of descretion [sic], Brady violation and neglect of duty." (CR, Vol.1, p.7).

---

[1] Judge Gary Steel, the District Court Judge who presided over Appellant's criminal trial, was also named in Appellant's original petition, but a Motion to Dismiss filed by the Attorney General's Office on behalf of Judge Steel was granted by Judge Charles Ramsay, the Local Administrative Judge for District Courts in Hays County, before a visiting judge (Bert Richardson) was appointed to hear defenses asserted by Appellee, Wes Mau. (CR, Vol.1, p.44).

The trial court held a non-evidentiary hearing on Appellee's Motion for Summary Judgment on October 12, 2012. (RR Vol. 1, p.1). No ruling was made at that time. (RR Vol. 1; p.41, ll. 21-25; p.42, ll. 1-5). However, on or about January 3, 2013, the Trial Court granted Appellee's Motion for Summary Judgment. (Brief Appendix A). Appellant filed his Notice of Appeal on or about January 16, 2013. (Brief p.1)

## SUMMARY OF ARGUMENT

Appellee's Motion for Summary Judgment was properly granted by the trial court, based on one or more of the following limitations: **a)** Appellant's action for Declaratory and Injunctive relief was filed after the applicable statutes of limitation had expired; **b)** relief sought by Appellant in the present case has already been asserted, considered and denied by the Court of Criminal Appeals; **c)** while acting in his capacity as an officer of the court and an Assistant District Attorney, Appellee enjoyed absolute immunity from liability and suit; and **d)** the State of Texas and subdivisions thereof enjoy governmental immunity, which, in part, makes it immune from suit.

## ARGUMENT

### A.    Standard of Review

Abuse of Discretion is the standard of review in this case. "[A] clear failure by the trial court to analyze or apply the law correctly will constitute an abuse of

discretion." *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex.1992). A trial court abuses it discretion when it acts "without reference to any guiding rules or principles. Another way of stating the test is whether the act was arbitrary or unreasonable. The mere fact that a trial judge may decide a matter within his discretionary authority in a different manner than an appellate judge in a similar circumstance does not demonstrate that an abuse of discretion has occurred." *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241-42 (Tex.1985)(cert. denied), 476 U.S. 1159 (1986). Conclusions of law shall be upheld on appeal if the trial court's judgment can be sustained on any legal theory supported by the record. *See Simpson v. Simpson,* 727 S.W.2d 662, 664 (Tex.App.-Dallas 1987, no writ)

In the present case, the trial court granted summary judgment in favor of Appellee, summarily ending a case when only a question of law was involved and there was no genuine issue of fact. *See G&H Towing Co. v. Magee*, 347 S.W.3d 293, 296-7 (Tex. 2011).

While the Court must liberally construe the Appellant's pleading to determine the intent of the pleading, the Court cannot liberally construe the question of law regarding whether the action is time-barred and whether there is immunity from suit. When a plea to the jurisdiction is based on the plaintiff's pleadings, as opposed to plaintiff's ability to prove jurisdictional facts, the trial

5

court and court of appeals' review is limited to the four-corners of the plaintiff's live pleading. *Tex. Ass'n of Bus. v. Tex. Air Control*, 852 S.W.2d 440, 446 (Tex. 1993). In addition to timely filing suit, Appellant has the burden of overcoming Appellee's affirmative defense of absolute and sovereign immunities and/or of affirmatively pleading a valid waiver of immunity from suit that vests the trial court with jurisdiction. *Dallas Area Rapid Transit v. Whitley*, 104 S.W.3d 540 (Tex. 2003).

## B. Statute of Limitations

Appellee was entitled to summary judgment based on his defense of statute of limitations. The relevant limitations period for "[e]very action for which there is no express limitations period" is four years after the date the cause of action accrues. TEX. CIV. PRAC. & REM. CODE § 16.051. In this case, Appellant is seeking relief from a criminal prosecution that resulted in a jury's finding of guilt approximately eight years prior to the filing of his "Due Course of Law Complaint." (CR, Vol.1, p.5). The cause of action in this case accrued, at the latest, on the date of the rendering of judgment in Appellant's criminal trial on October 8, 2003. Application of the above-stated limitation establishes that Appellant would need to have filed suit prior to October 9, 2007, the date on which the four-year limitation expired.

Appellant makes several claims that, despite their creativity, do not apply to the present case. Appellant first argues that the Court in *Holmes v. Texas A&M Univ.*, 145 F.3d 681 (5th Cir. 1988) limited Appellant "from filing any civil action while he had legal matters pending." (Brief p.4). However, the Court's holding in *Holmes* addressed the tolling of a statute of limitations in the context of an employment claim, not a claim based on alleged civil rights violations in a criminal trial. *See Holmes* at 684 ("Even if it was necessary for Holmes to exhaust his remedies with the EEOC before bringing federal suit, under no circumstances was Holmes required to exhaust his internal university remedies."). Appellant also argues that *Vacek Group, Inc. v. Clark,* 95 SW.3d 439 (Tex.App.-Houston [1st Dist.] 2002, no writ) applies, even though the underlying claim in that case was for professional malpractice and, as happened in *Holmes*, the statute of limitations was actually enforced against the Plaintiff. Neither case asserted by Appellant applies to the underlying issues in the present case. As was pointed out to the trial court in Appellee's Motion for Summary Judgment, if the Court wishes to concede that an actual controversy occurred that would give rise to something more than a frivolous civil suit, then Appellant cannot overcome that limitation by arguing that he is bringing action to prevent similar wrongs in the future. (*See* CR, Vol.1, p.64-65). (*See also Trans. League, Inc. v. Morgan Express, Inc.*, 436 S.W.2d 378 (Tex. Civ. App. – Dallas 1969, writ ref'd n.r.e.))(" we hold here…that the statute does

7

not begin to run against the right to maintain a suit for declaratory judgment until an actual controversy has occurred, but that when such dispute or controversy does arise then the cause of action accrues and the statute begins to run.").

## C.  Res Judicata / Collateral Estoppel

Alternatively, Appellee was entitled to summary judgment based on his defense of res judicata/collateral estoppel.  A party in a civil suit is subject to offensive collateral estoppel based on a criminal conviction when (i) the issue at stake was identical to that in a criminal case; (ii) the issue had been actually litigated; and (iii) determination of the issue was a critical and necessary part of the prior judgment. *Francis v. Marshall*, 841 S.W.2d 51, 54 (Tex. App. – Houston [14th Dist.] 1992, no writ).

In the present case, Appellant is attempting to raise issues that he has already asserted in the context of both Writs of Habeas Corpus, which were denied (CR, Vol.1, p.128 and p.144). Essentially, Appellant is attempting to bootstrap the issues raised in his criminal appeals in the context of an action for Injunctive, and more importantly, Declaratory relief.

## D.  Immunity

### 1.  *Prosecutors Are Entitled to Absolute Immunity*

It has long been held that criminal prosecutors are absolutely immune from lawsuits concerning "prosecutorial actions that are 'intimately associated with the

judicial phase of the criminal process.'" *Van de Kamp v. Goldstein,* 555 U.S. 335, 340-41, 129 S.Ct. 855 (2009)(quoting *Imbler v. Pachtman,* 424 U.S. 409, 428, 96 S.Ct. 984 (1946)). During the time frame complained of, Appellee acted as an Assistant District Attorney for Hays County. Appellant's complaint(s) involve(s) actions taken in the context of a criminal jury trial being prosecuted by Appellee, Mau. The decision of whether a criminal prosecutor is entitled to absolute immunity is (and should have been) a threshold question for the Court. The Court is to decide, as early in the proceedings as possible whether a prosecutor is entitled to absolute immunity in his role as an assistant district attorney. *See Boyd v. Biggers,* 31 F.3d 279, 284 (5th Cir. 1994). An early finding of absolute immunity is important because "[o]ne of the purposes of immunity, absolute or qualified, is to spare a defendant not only unwarranted liability, but unwarranted demands customarily imposed upon those defending a long drawn out lawsuit." *Siegert v. Gilley,* 600 U.S. 226, 231-33, 111 S.Ct. 1789, 1893 (1991).

While the Court in *Imbler* did limit a prosecutor's absolute immunity to situations when a prosecutor is acting as an "officer of the Court" (*See Imbler* at 431), it cannot be denied that Appellee's actions that have been made the subject of this suit, all of which occurred during a jury trial, are actions taken as an officer of the Court. Since absolute immunity is effective against all causes of action, and all species of relief sought against an individual defendant, whether in damages or in

9

equity, Appellee was entitled to summary judgment. *See Disreali v. Rotunda,* 489 F.3d 628, 631 (5th Cir. 2007)(noting that absolute immunity denies all remedies to an individual); *See also Hulsey v. Owens,* 63 F.3d 354, 356 (5th Cir. 1994)(holding that absolute immunity is immunity from suit rather than simply a defnse against liability).

### 2.      *Counties Enjoy Governmental Immunity*

A claim against a prosecutor acting in his or her official capacity is, in effect, also an allegation against the governmental entity by which that prosecutor is employed. *See Kentucky v. Graham,* 473 U.S. 159, 165-166, 105 S.Ct. 3099 (1985). Hays County enjoys sovereign immunity, which extends to the political subdivisions of the state, including counties. *Lowe v. Tex. Tech Univ.,* 540 S.W.2d 297 (Tex. 1976); *Heigel v. Wichita County,* 84 Tex. 392, 19 S.W. 562, 563 (1892). However, sovereign immunity, as it applies to local governmental entities, is referred to as governmental immunity. *Rolling Plains Groundwater Conservation Dist. v. City of Aspermont,* 353 S.W.3d 756, 759 (Tex. 2011) (per curiam); *Harris County Hosp. Dist. v. Tomball Reg'l Hosp.,* 283 S.W.3d 838, 842 (Tex. 2009). While the technical name of the immunity enjoyed is different, governmental immunity offers counties and other local governmental entities the same degree of protection from suit as afforded to state entities under sovereign immunity. *Id.* ("[g]overnmental immunity, like the doctrine of sovereign

10

immunity to which it is appurtenant, involves two issues: whether the State has consented to suit and whether the State has accepted liability").

### a. Purposes of Sovereign and Governmental Immunity

Sovereign immunity and governmental immunity serve two purposes. The first purpose is to preclude second guessing of certain governmental actions and decisions. *See Tex. Dep't of Protective & Regulatory Servs. v. Mega Child Care, Inc.*, 145 S.W.3d 170, 198 (Tex. 2004); *See also City of El Paso v. Heinrich,* 284 S.W.3d 366, 371-73 & n.6 (Tex. 2009) (litigation cannot be utilized "*to control state action by imposing liability on the State*" (italics in the original)). Second, the courts recognize that sovereign immunity serves to protect the public treasury. *Tex. Dep't of Transp. v. Sefzik*, 355 S.W.3d 618, 621 (Tex. 2011) *4; Ben Bolt-Palito Blanco Consol. Ind. Sch. Dist. v. Tex. Political Subdivisions Prop. Cas. Self Ins. Fund*, 212 S.W.3d 320 (Tex. 2006); *Wichita Falls State Hosp. v. Taylor*, 106 S.W.3d 692, 697 (Tex. 2003). An important purpose of sovereign immunity and governmental immunity "is pragmatic: to shield the public from the costs and consequences of improvident actions of their government." *Tooke v. City of Mexia*, 197 S.W.3d 325, 332 (Tex. 2006); *City of Houston v. Williams*, 353 S.W.3d 128, 131 (Tex. 2011). In the *Rusk State Hospital* decision, the Supreme Court again affirmed that one of the purposes of sovereign immunity and early rulings on immunity from suit is to avoid the wasting of tax dollars on defending suits,

11

including on discovery, where claims are barred by immunity from suit. *Rusk State Hospital v. Black*, 392 S.W.3d 88, 97, 106 (Tex. 2012).

Considering the purposes of immunity, the Texas Supreme Court has repeatedly held that whether sovereign/governmental immunity should be waived properly rests with the legislative branch, not the judicial branch. "As we have often noted, the Legislature is best positioned to waive or abrogate sovereign immunity...." *Id*. (internal quotation and citation omitted). *See Tex. Home Mgmt. v. Peavy,* 89 S.W.3d 30, 43 (Tex. 2002); TEX. CIV. PRAC. & REM. CODE § 101.021. *Sw. Bell Tel., L. P. v. Harris County Toll Road Auth.*, 282 S.W.3d 59, 68 (Tex. 2009) ("[b]ut as we have often noted, the Legislature is best positioned to waive or abrogate sovereign immunity 'because this allows the Legislature to protect its policymaking function'").

### b. *Immunity from Suit is a Component Aspect of*
### *Sovereign/Governmental Immunity*

Sovereign immunity protects the State, its agencies, political subdivisions and officials both from suit and liability. *Fed. Sign v. Tex. S. Univ.*, 951 S.W.2d 401, 405 (Tex. 1997).

> Sovereign immunity embraces two principals: *immunity from suit* and immunity from liability. First, the State retains immunity from suit without legislative consent, even if the State's liability is not disputed. Second, the State retains *immunity from liability* though the Legislature has granted consent to the suit.

12

*Id*. (citations omitted); *Tex. Dep't of Transp. v. Jones*, 8 S.W.3d 636, 638 (Tex. 1999) ("[i]mmunity from liability and immunity from suit are two distinct principles").

*State v. Lueck*, 290 S.W.3d 876 (Tex. 2009) ("[i]mmunity from suit is a jurisdictional question of whether the State has expressly consented to suit.…"); *Tomball Reg'l Hosp.*, 283 S. W.3d at 842. Accordingly, Appellant had and has the burden of alleging facts that establish a waiver of immunity from suit. *See City of Houston v. Arney*, 680 S.W.2d 867 (Tex. App.—Houston [1st Dist.] 1984, no writ).

Because immunity from suit deprives a trial court of jurisdiction, it can properly be raised through a plea to the jurisdiction. A plea to the jurisdiction contests the trial court's authority to determine the subject matter of a pending suit or cause of action. *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000).

**PRAYER**

Appellee, Wes W. Mau, in his capacity as an Assistant District Attorney for Hays County, Texas, Representing the State of Texas, prays that this Court affirm the final judgment of the trial court granting Summary Judgment in favor of Appellee and declaring that Appellant, Michael Carpenter, take nothing from his original petition in this case. (*See* CR, Vol.1, p.178).

Respectfully submitted,

**OFFICE OF GENERAL COUNSEL**
**HAYS COUNTY, TEXAS**
111 E. San Antonio Street, Suite 202
San Marcos, Texas 78666
512.393.2219 (telephone)
512.392.6500 (telecopier)


By:  /s/ Mark Kennedy
     MARK D. KENNEDY
     State Bar No. 24032498
     Mark.Kennedy@co.hays.tx.us

     *Attorney for Appellee*

14

**CERTIFICATE OF SERVICE**

I hereby certify that, on the 23rd day of March, 2015, I electronically filed the foregoing with the Clerk of the Court using the Texas Online eFiling for courts system and sent a true and correct copy of the foregoing to the following individual by certified U.S. Mail (#7011 3500 0000 2472 6604):

Michael Carpenter
*Appellant - Pro Se*
TDCJ# 1201045
8 O.B. Ellis Unit
1697 FM 980
Huntsville, Texas 77343

/s/ Mark Kennedy
Mark D. Kennedy

## CERTIFICATE OF COMPLIANCE

In compliance with Texas Rule of Appellate Procedure 9.4(i)(2), this brief contains 3,888 words, excluding the portions of the brief exempted by Rule 9.4(i)(1).

/s/ Mark Kennedy
Mark D. Kennedy